# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PHILLIP JACKSON, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) NATIONAL ACTION FINANCIAL SERVICES, INC., a Georgia corporation, ) ) ) ) ) Defendant. ) | No. 04 C 1805 Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Plaintiff Phillip Jackson ("Jackson") alleges that Defendant National Action Financial Services, Inc. ("NAFS") made "false, deceptive, or misleading statements" in its offers to settle Jackson's debt in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692-1692(o). (R. 9, Am. Compl. ¶ 8.) Specifically, Jackson alleges that NAFS sent him collection letters that were false, deceptive, or misleading as determined by the unsophisticated consumer standard because the settlement offers were not of a limited duration as the letters indicated. (R. 9, Am. Compl. ¶¶ 8-9.)[1] Jackson has moved to certify the following class:

> [A]ll persons similarly situated in the State of Illinois from whom Defendant NAFS attempted to collect a consumer debt allegedly owed to Capital One, from one year before the date of th[e] Complaint to the present, and as to which the consumer was sent a purported limited settlement offer letter similar to the letters [Jackson] received.

(*Id.* ¶ 11.) For the reasons set forth below, we grant Jackson's motion for class certification. (R. 21-1.)

---

[1] Jackson's claims survived NAFS's motion to dismiss. (R. 18, 11/10/2004 Order.)

## RELEVANT FACTS[2]

In late 2003, NAFS—which is a corporation that acts as a debt collector—made two attempts to collect a debt Jackson owed to Capital One. (*Id.* ¶¶ 4-6.) In the first letter, dated November 3, 2003, NAFS made a settlement offer to resolve Jackson's account with Capital One for approximately 75% of his debt. (*Id.* ¶ 5.) This letter stated that the offer would remain open for a limited time and that payment had to be received by a specific date. (*Id.*) Specifically, the letter stated:

> In order to take advantage of this offer, your payment must be received in our office on or before [December 3, 2003] . . . In the event that you are unable to make the settlement payment within the time frame indicated, call our office prior to the deadline date. It may be possible to extend the deadline under certain circumstances.

(*Id.*, Ex. A, 11/3/2003 Letter.) Subsequently, NAFS sent a second settlement offer to Jackson on December 31, 2003. (*Id.* ¶ 6.) This letter offered to settle Jackson's alleged debt for approximately 50% of the balance. (*Id.*, Ex. B, 12/31/2003 Letter.) This letter contained the same language set forth above but imposed a January 30, 2004 deadline. (*Id.*) Jackson has no specific recollection of reading or opening either NAFS debt collection letter. (R. 28, Def.'s Resp. to Pl.'s Mot. for Class Cert., Ex. B, Jackson Dep. at 25.) Jackson's practice at that time was to open and file collection letters. (*Id.* at 14.)

## LEGAL STANDARDS

A plaintiff seeking class certification must demonstrate that the proposed class meets all the requirements of Rule 23(a) and at least one of the 23(b) requirements. *Wallace v. Chi. Hous. Auth.*, 224 F.R.D. 420, 423 (N.D. Ill. 2004). Under Rule 23(a), the party seeking certification

---

[2]The facts set forth here are gleaned from the amended complaint and the class certification motion and exhibits.

2

must show that the proposed class meet the following criteria: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993). Failure to satisfy one of these prerequisites precludes certification. *Id.* A court has broad discretion to determine whether the proposed class meets the Rule 23 certification requirements. *Wallace*, 224 F.R.D. at 423. Additionally, the court may modify the definition of a proposed class if such modification will remedy an inadequacy in the plaintiff's definition. *Id.* (citing *Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 322, 328-329 (N.D. Ill. 1995)).

Whether a court should certify a class and whether the plaintiff will ultimately prevail on the merits are distinct questions. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974)). Where questions bearing on class certification and questions on the merits are intertwined, the Seventh Circuit has stated that the court should make a preliminary inquiry into the merits to determine whether a case is suitable for class treatment. *Szabo v. Bridgeport Mach. Inc.*, 249 F.3d 672, 676 (7th Cir. 2001); *Rahim v. Sheahan*, No. 99 C 0395, 2001 WL 1263493, at *10 (N.D. Ill. Oct. 19, 2001).

## ANALYSIS

Jackson argues that his proposed class meets the requirements of Rule 23(a) and Rule 23(b)(3). (R. 21, Pl.'s Mot. for Class Cert. at 3.) NAFS contests that Jackson's proposed class meets the commonality, typicality, and adequacy requirements of Rule 23(a). We will consider the class's suitability under each of the Rule 23 requirements below.

### A. Rule 23(a)(1): Numerosity

A certifiable class must be so numerous that the joinder of all its members as plaintiffs would be impractical. Fed. R. Civ. P. 23(a)(1); *Parker v. Risk Mgmt. Alternatives, Inc.*, 206 F.R.D. 211, 212 (N.D. Ill. 2002). Although there is no magic number at which a class becomes certifiable, courts have held that a class of forty is generally sufficient to satisfy Rule 23(a)(1). *Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969); *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 643-44 (N.D. Ill. 2002). Jackson's proposed class consists of approximately 880 persons. (R. 21, Pl.'s Mot. for Class Cert., Ex. B, Affidavit of Counsel ¶ 8.) Thus, Jackson's class satisfies the numerosity requirement.

### B. Rule 23(a)(2): Commonality

Rule 23(a)(2) requires that there are questions of fact or of law that are common to all class members. Fed. R. Civ. P. 23(a)(2); *Parker*, 206 F.R.D. at 213. If the class members' claims arise out of a common nucleus of operative fact, then the commonality requirement will usually be satisfied. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (citing *Franklin v. City of Chi.*, 102 F.R.D. 944, 949-50 (N.D. Ill. 1984)); *Parker*, 206 F.R.D. at 213. Courts have consistently found there to be a common nucleus of operative fact where a class's claims arise out of standardized or form documents. *See Sledge v. Sands*, 182 F.R.D. 255, 258 (N.D. Ill. 1998); *Peterson v. H & R Block Tax Servs., Inc.*, 174 F.R.D. 78, 82 (N.D. Ill. 1997); *Lucas v. GC Serv., L.P.*, 226 F.R.D. 337, 340 (N.D. Ind. 2005).

In *Sledge*, the court found commonality where the suit's central question was whether a form debt-collection letter violated the FDCPA as determined by applying the unsophisticated consumer standard. 182 F.R.D. at 258. As in *Sledge*, the proposed class definition here is

4

limited to individuals who received a similar debt collection letter from NAFS. (R. 9, Am. Compl. ¶ 11.) The central question in this action—whether the language in these form letters received by class members violated the FDCPA as determined by the unsophisticated consumer standard—arises from this common nucleus of fact. (*Id.*) Thus, we find that the proposed class meets the Rule 23(a)(2) commonality requirement.

NAFS argues that Jackson cannot establish commonality because "many of the credit card debts at issue will contain valid arbitration clauses" which would preclude class members from pursuing their claims in federal court. (R. 28, Def.'s Resp. to Pl.'s Mot. for Class Cert. at 11.) Although NAFS claims that there are "potentially numerous credit card agreements with valid arbitration clauses" amongst the 880 potential class members, it has not provided any evidentiary support for this claim. (*Id.*) Because NAFS's argument is made in the most general terms and without the support of any documentation, we cannot find that the arbitration clause contingency is a bar to commonality. *See Avila v. Van Ru Credit Corp.*, No. 94 C 3234, 1995 WL 41425, at *8 (N.D. Ill. Jan. 31, 1995) (noting that the defendant's argument that individual issues "may" exist in FDCPA suit constituted an "unsupported and highly speculative" argument against commonality that did not preclude class certification).[3]

---

[3] Although this Court presently rejects NAFS's arbitration clause argument as unsupported, a court "remains under a continuing obligation to review whether proceeding as a class action is appropriate, and may modify the class or vacate class certification pursuant to evidentiary developments arising during the course of the litigation." *Barner v. City of Harvey*, 95 C 3316, 2004 WL 2092009, at *2 (N.D. Ill. Sept. 15, 2004) (quoting *Ellis v. Elgin Riverboat Resort*, 217 F.R.D. 415, 419 (E.D. Ill. 2003)); *see also* Fed. R. Civ. P. 23(c)(1)(C). If, as this litigation progresses, NAFS establishes that the presence of arbitration clauses in the credit card agreements would defeat commonality, this court may modify or vacate class certification as appropriate.

### C.     Rule 23(a)(3): Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3); *see also McCabe*, 210 F.R.D. at 644. Where a plaintiff's claim arises out of the same practice or course of conduct as the claims of the other class members and is based on the same legal theory as the claims of the other class members, typicality is satisfied. *Id.* (citing *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). A class cannot be certified where the representative plaintiff is not a member of the class. *Sosna v. Iowa*, 419 U.S. 393, 403 (1975). Here, Jackson satisfies the typicality requirement because his claim arises from the same conduct as the claims of other class members: the receipt of a similar NAFS form collection letter. *See Sledge*, 182 F.R.D. at 258-59. Jackson's claim is based on the same legal theory as the claims of the other class members; namely, that this form collection letter was false, deceptive, or misleading in violation of the FDCPA. (R. 9, Am. Compl. ¶¶ 8-9.)

NAFS argues that Jackson's claims are not typical of the class because he was not confused by the letters and did not act out of a perceived sense of urgency. (R. 28, Def.'s Resp. to Pl.'s Mot. for Class Cert. at 8-11.) According to NAFS, Jackson is "not a member of the purported class that he is attempting to certify" because he was not confused by the letters. (*Id.* at 10.) NAFS, however, mis-characterizes the class Jackson seeks to certify. Jackson does not wish to certify a class comprised of those individuals who received form debt collection letters from NAFS *and were confused by them*, but rather his proposed class consists of those individuals who received the allegedly misleading form debt collection letters within the requisite time period. (R. 9, Am. Compl. ¶ 11.) Jackson is a member of the class as he defines

6

it. (*Id.*)

NAFS also relies on *Turner v. Diversified Adjustment Service, Inc.*, No. 00 C 463, 2000 WL 748124, at *1 (N.D. Ill. May 31, 2000) to argue that Jackson's lack of confusion defeats typicality. (R. 28, Def.'s Resp. to Pl.'s Mot. for Class Cert. at 9-10.) In *Turner*, the plaintiff seeking class certification admitted during his deposition that: (a) he would not wish to pursue the action were Ameritech Cellular to cancel his debt; (b) he brought the action only to recover money to pay his existing debts; and (c) he was not, in fact, confused by one of two allegedly misleading communications. *Id.* at * 1-2. As a result, the court declined to certify the proposed class because the plaintiff was neither typical of the class nor an adequate representative.[4] *Id.* at * 2.

The present case is distinguishable from *Turner* for several reasons. First, Jackson did not state that he was not confused by NAFS's letters; rather, he stated that he generally filed collection letters and that he had no specific recollection of reading the NAFS letters. (R. 28, Def.'s Resp. to Pl.'s Mot. for Class Cert., Ex. B, Jackson Dep. at 14, 24-25.) Second, Jackson need not show that he was misled or confused by the letters because the unsophisticated consumer standard "is not dependent upon actual reliance by the plaintiff." *See Sledge*, 182 F.R.D. at 258. Rather, it is sufficient for Jackson and class members to demonstrate that they received a collection letter that violated the FDCPA. *See id.* Furthermore, Jackson and the class

---

[4]Although the Court cited all three of the plaintiff's admissions in denying class certification, it noted that the first two admissions standing alone were sufficient to justify denial of class certification. *Id.* at *1.

7

members need not show that they were personally confused in order to obtain statutory damages.[5] *See Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997) (noting in a case where the plaintiff did not read a collection letter that statutory damages are "a penalty that does not depend on proof that the recipient of the letter was misled"); 15 U.S.C. § 1692k. Thus, the fact that Jackson does not recall reading the letters does not amount to a defense or a claim unique from those of the other class members. *See Mendez v. M.R.S. Assoc.*, No. 03 C 6753, 2004 WL 1745779, at *4-5 (N.D. Ill. Aug. 3, 2004) (noting that "plaintiff's individual experience and confusion with the letter...do not destroy...typicality").

Lastly, NAFS argues that typicality does not exist because the court will have to make individual inquiries into whether each class member was confused, misled, or acted with a false sense of urgency in reliance on the form letters. (R. 28, Def.'s Resp. to Pl.'s Mot. for Class Cert. at 10.) If this court were to accept NAFS's argument, typicality would never exist for class actions that arise from misleading debt letters because such individual inquiries would always be necessary. This result cannot lie because the FDCPA expressly contemplates that claims will be brought via class actions. *See* 15 U.S.C. § 1692k(a)(2)(B). Moreover, the unsophisticated consumer standard does not require inquiry into any individual's response to or reliance on a letter, but rather requires that the court determine whether "an unsophisticated consumer reasonably could interpret the statement" at issue in a manner that violates the FDCPA. *Gammon v. G.C. Serv. Ltd P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994); *see also Bartlett*, 128 F.3d at 499; *Sledge*, 182 F.R.D. at 258; *Mendez*, 2004 WL 1745779, at *5. Recovery for a

---

[5]The only damages that Jackson seeks on behalf of himself and the class are statutory damages. (R. 9, Am. Compl. at 6; *see also* R. 28, Def.'s Resp. to Pl.'s Mot. for Class Cert., Ex. B, Jackson Dep. at 31.)

FDCPA violation, furthermore, is not tied to a finding of actual harm. Under 15 U.S.C. § 1692k, all unnamed class members are eligible to recover "the lesser of $500,000 or 1 per centum of the net worth of the debt collector" without regard to actual damage. For all of these reasons, inquiry into the effect of NAFS's form letters on individual class members is unnecessary. Thus, we find that Jackson has satisfied the typicality requirements of Rule 23(a)(3).

### D. Rule 23(a)(4): Adequacy

Rule 23(a)(4) requires that the named plaintiff fairly and adequately protect the interests of the proposed class. *Gammon v GC Serv. Ltd. P'Ship*, 162 F.R.D. 313, 317 (N.D. Ill. 1995). A class representative is adequate if three criteria are satisfied: (1) the named plaintiff's interests are not antagonistic to the class; (2) the named plaintiff has sufficient interest in the outcome of the suit to ensure vigorous advocacy; and (3) the named plaintiff's counsel are qualified, experienced, and able to conduct the litigation vigorously. *Id.* NAFS has not argued that Jackson fails to meet the second two criteria and we easily find that Jackson satisfies them.[6]

We also find that Jackson's interests are not antagonistic to those of the class. A named plaintiff cannot represent a class when that plaintiff has claims that are antagonistic to or conflict with the claims of the other members of the class. *Rosario*, 963 F.2d at 1018. The plaintiff's interests are not antagonistic to the class, however, where the plaintiff's claims are identical to

---

[6]Jackson has a sufficient interest in the outcome of his suit—namely, the recovery of damages—to ensure vigorous advocacy. *See* 15 U.S.C. § 1692k(a). A named plaintiff must also have some understanding of the case and the his obligations as a class representative. *Sledge*, 182 F.R.D. at 259. Jackson understands the lawsuit and his role as a class representative; he has willingly submitted to a deposition. (R. 28, Def.'s Resp. to Pl.'s Mot. for Class Cert., Ex. B, Jackson Dep. at 34-39.) Jackson's counsel also have sufficient qualifications, experience, and ability to conduct this litigation vigorously. Jackson's counsel has been found adequate by several district courts, and NAFS has given us no reason to questions their adequacy to properly litigate this class action.

the claims of the proposed class. *See Robles v. Corp. Receivables, Inc.*, 220 F.R.D. 306, 313-14 (N.D. Ill. 2004). In this case, Jackson's claims are identical to those of the proposed class members. All potential class members claim that NAFS's form debt collection letters violate the FDCPA by making false, deceptive, or misleading statements regarding payment deadlines. (R. 9, Am. Compl. ¶¶ 8, 11.)

In trying to demonstrate that Jackson is not an adequate plaintiff, NAFS again invokes its argument that Jackson was not personally confused, misled, or affected by NAFS's letters, and that his claims may therefore lack merit. (R. 28, Def.'s Resp. to Pl.'s Mot. for Class Cert. at 13). NAFS thus argues that Jackson's claims are antagonistic to the claims of any class members who were confused by the letters. (*Id.*) As discussed above, the unsophisticated consumer standard does not depend on the representative plaintiff's personal response to the debt collection letters, *see Sledge*, 182 F.R.D. at 258, and statutory damages can be obtained without a showing that the plaintiff was misled, *see Bartlett*, 128 F.3d at 499. Thus, Jackson's interests are not antagonistic to those of the proposed class, and we find that he has met the adequacy requirement of Rule 23(a)(4).

### E. Rule 23(b)(3): Questions of Law and Fact Common to the Class Predominate

In addition to the four requirements of Rule 23(a), a party seeking class certification must demonstrate that one of the Rule 23(b) requirements is also met. *Wallace*, 224 F.R.D. at 423. Jackson seeks certification of the class pursuant to Rule 23(b)(3). Certification under Rule 23(b)(3) is appropriate where questions of law or fact common to members of the class predominate over those questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

10

*Kreminitzer v. Cabrera & Reehan, P.C.*, 202 F.R.D. 239, 242 (N.D. Ill. 2001).

In order to meet Rule 23(b)(3)'s common question requirement, Jackson must show that the issues common to the class outweigh any individual questions. *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529 (N.D. Ill. 1998). The common issue here is whether the letters that NAFS sent to Jackson and the class members violate the FDCPA. As long as the letters that class members received are "very similar"—as Jackson has alleged here—the legal issue of whether those letters violate the FDCPA is predominate. *Sledge*, 182 F.R.D. at 259. Moreover, we have already rejected NAFS's argument that we must consider the individual fact issue of how class members reacted to the letters. NAFS points to no other individual issues that outweigh the question of whether the NAFS letters violate the FDCPA. As a result, we find that common questions of law and fact predominate here.

Additionally, we find that a class action is superior to individual litigation. A class action is superior where potential damages may be too insignificant to provide class members with incentive to pursue a claim individually. *Parker*, 206 F.R.D. at 213. The FDCPA affords recovery of up to $1,000 in statutory damages for individual plaintiffs; as such, the potential recovery here is not likely to provide sufficient incentive for members of the proposed class to bring their own claims. *See* 15 U.S.C. § 1692k(a). Additionally, FDCPA class actions have been held superior due to general principles of judicial economy, *Kreminitzer*, 202 F.R.D. at 242, and the fact that potential plaintiffs may not be aware of their rights under the FDCPA or be able to hire competent counsel to protect these rights, *Sledge*, 182 F.R.D. at 259. This reasoning is equally applicable here. As a result, we find that certification of the proposed class is appropriate under Rule 23(b)(3).

## CONCLUSION

For the reasons set forth above, we find that Jackson has demonstrated successfully that his proposed class satisfies the four requirements of Rule 23(a) as well as Rule 23(b)(3). This Court therefore grants Jackson's motion for class certification. (R. 21-1.)

ENTERED: /s/
Judge Ruben Castillo
United States District Court

**Dated: April 11, 2005**